## ROCKWELL VS. LUCK and another.

*Tenants in common — Landlord and tenant.*

1. Where one of two tenants in common receives from the other a lease of the latter's share of the common estate, agreeing to pay rent, and so takes possession of the whole estate under the lease, and then holds over after its expiration, he will not be *presumed* (as in other cases) to be continuing his possession *under the lease*, but to be holding by virtue of his *original right* as tenant in common, subject to his liability to account to his cotenant in the manner prescribed by law.

2. But if, after the term, he permits his cotenant to retain and *apply on the lease* moneys which, being due to them both, have been collected by such cotenant, this is evidence that he still holds under the lease, and is bound to pay rent according to its terms.

APPEAL from the County Court of *Milwaukee* County.

*Rockwell* brought his action against *Luck* and *Hathaway* to recover rent of premises held over by defendants after the expiration of their lease.    The premises demised were the property of plaintiff and defendants as tenants in common, defendants having leased plaintiff's interest and held over after the expiration of their term.    The evidence is sufficiently stated in the opinion.    Plaintiff appealed from a judgment of nonsuit.

*Palmer, Hooker & Pitkin,* for appellants, argued, among other things, that the law implied a renewal of a lease from the mere act of holding over on the part of the tenant without the landlord's consent.    R. S., ch. 91, sec. 2 ; Taylor's Landlord and Tenant, § 467 ; *Gilman v. Milwaukee,* 31 Wis., 563. But it is claimed that the law which determines the effect of a tenant holding over, does not extend or apply to the case of a lease between tenants in common.    The only authority relied upon at the trial in support of this proposition was *Mumford v. Brown,* 1 Wend., 520.    But this case, and *Cutting v. Derby,* cited therein, were both suits for the recovery of a penalty for refusing to surrender demised premises at the end of the term ; while this is for the recovery of rent upon an implied contract to hold over upon the terms of the original lease.

*Jenkins & Elliott*, for respondents, argued that the doctrine that one holding over his term may be treated as a tenant from year to year, proceeds upon the theory that the landlord is deprived of the use of his own. It presupposes a right, as against the tenant, to the exclusive possession in the landlord, and construes the holding over as a consent to the continuance of the lease. But this doctrine can have no application to the case of tenants in common, since they only retain possession of that to which they were entitled. Being tenants in common, they are possessed *per my et per tout*, and each is entitled to the use and enjoyment of every part of the premises. 2 Black. Com., 194. Defendants, being so entitled, were not bound to abandon possession, since their possession of the whole was lawful, if they did not prevent their cotenant occupying with them, and of this there is no evidence. A silent possession, accompanied by no act which can amount to an ouster, will not be construed into an adverse possession. *McClung v. Ross*, 5 Wheat., 124; *Challepoux v. Ducharme*, 8 Wis., 307. The case of *Mumford v. Brown*, 1 Wend., 52, is precisely in point. See, also, *McKay v. Mumford*, 10 Wend., 351; *McGarrell v. Murphy*, 1 Hilt., 132; *King v. Phillips*, 1 Lansing, 421, 429, 430; *Dresser v. Dresser*, 40 Barb., 300.

DIXON, C. J. The position assumed by counsel for the defendants is, that where one tenant in common receives from the o'her a lease of the latter's purpart or share of the common estate, agreeing to pay rent, and so takes possession of the whole estate under the lease, and then holds over after its expiration, such holding over will not be construed or presumed to be a continuation of the possession under the lease and in subordination to the title of his cotenant as landlord, but that it will be deemed and taken as a holding by such tenant in virtue of his original right as tenant in common, which entitles him to the use and enjoyment of every part of the premises, one as much as another, until his cotenant comes and demands

admission, and subject, of course, to account to his cotenant in the manner prescribed by law. Unlike an ordinary tenancy, where possession is taken under a lease and continues after its expiration, remaining in possession in such case is said not to authorize the inference that the tenant still intends to hold under or in pursuance of the terms of the lease, but the contrary, namely, that he holds under his own title, which gives a right to the possession and enjoyment of the whole estate, liable, however, to account as tenant in common in manner above stated. Being possessed and lawfully entitled to hold the whole as tenant in common, he is not bound to abandon the possession of any part of the premises, nor to make partition and occupy a moiety; and hence no presumption that he continues to hold under the lease arises after its expiration, but such tenure, if relied upon, must be established by evidence *aliunde*, showing, either expressly or impliedly, that he has recognized his continuing relation and obligation as tenant under the lease, and occupies subject to its conditions and the payment of rent as therein specified. The authorities cited in support of this position are very clear and emphatic; and no doubt can be entertained, we think, of its correctness in point of law.

This is an action to recover the rents reserved in a similar lease, and which are alleged to have accrued after the expiration of the term; and the question on the trial below was, whether there was any sufficient proof that the defendants had held over *under the lease*, or recognizing or assenting to its continuance and validity as an agreement between themselves and the plaintiff. The testimony taken on the trial failed to show this, and the court below directed a nonsuit. Had the case rested on the testimony alone, the judgment must have been affirmed. There was no testimony showing the intention or assent of the defendants to hold under the lease. But, in addition to the testimony, there was an admission made by counsel for the defendants, the effect of which must, we think, be

to cause a reversal. There was evidence given on the trial which tended to show that the plaintiff and defendants together had leased other parcels of property owned by them in common to. some third persons, the rents of which had been received by the plaintiff after the expiration of the lease in controversy. The plaintiff offered to show that part of the money so paid by other tenants "was received by the plaintiff with the consent of the defendants to apply on the lease." By this we understand the lease in suit, upon which the plaintiff claims to recover rents. The defendant's counsel consented to take the offer " as a statement of fact for the purposes of this trial." It may be, as stated by the same counsel at the argument here, that he did not intend to make so broad an admission. We fully believe that such may not have been his intention, but yet we must be governed by the record. If, after the term, the plaintiff received money from other tenants *with the consent of the defendants to apply on the lease*, it was a recognition or evidence to go to the jury, that the defendants still held under the lease, and were bound to pay rent according to its terms.

It follows, therefore, that the judgment must be reversed, and a new trial awarded.

*By the Court.* — So ordered.